Carpenter, J.
delivered the opinion of the court.
It is a well settled rule in pleading, that when the contingency upon which the contract is to be performed, or the matter alleged in pleading, lies more properly in the knowledge of one party than of the other, then such party must aver notice ; and further it must be specially averred, so that it may appear to have been *684 given in due time and to a proper person. Com. Dig., “ Pleader ” C. 73; Hob. 51; Yelv. 168, note by Metcalf. When necessary specially to allege notice, it i-s equally necessary to prove it. Per. Holroyd, J. 6 M. & S., 295. In the present case, the rule and its application do not seem to be disputed. The result is, that notice to the legatee of the existence of debts, to satisfy which there are no other assets, must be alleged and proved; and a request to return so much as may be necessary to discharge those debts. But it is said, that a special request being laid, it necessarily pre-supposes and includes notice, and that notice will be presumed. Such undoubtedly would be the presumption after verdict, and so also after pleading over and on general demurrer. Vinyor’s case, 8 Co., 81; Com. Dig., “ Pleader," E. 9. Perhaps it might be held even on special demurrer, that such special request must necessarily imply notice. But it is of little importance 'in the present case; the second ground of demurrer having been well taken.
The bond is conditioned for the return of so much of the legacy, as may appear to be wanting to discharge any debt or debts &c., which the executor may not have other assets to pay. Even before the passage of the act, a legatee might have been compelled by the executor, to give bond and security to refund, in case the estate should prove deficient. But yet the refunding bond did not create the duty or obligation to refund. If debts appeared, of which the executor had not previous notice; indeed if losses were sustained upon outstanding responsibilities, which common prudence could not foresee or prevent, so that the estate became insufficient to pay all the debts and legacies, the legatee would be liable to refund, whether he gave security or not. It would be the common case of money paid by mistake, not legally due. Lord Mansfield, Cowp, 287; 1 Story Eq., Jur., § 92, 503. In this state the remedy has been enforced at law by way of set off, in a suit brought by the legatee against the executor. Harris v. Executors of Haines, 2 South., 422.
The refunding bond, then, is to secure repayment of so much of a legacy, as may be necessary to discharge subsequently discovered debts. The debts mentioned in the condition of the bond are obviously the debts of the decedent, due byhim in his *685 life time, and not the claims of the executor for remuneration and expenses in the settlement of the estate. Commissions in this state include not only an allowance for the personal services of the executor, but also ordinarily the expenses to which he has been subjected. The expenses of administration, including personal remuneration so covered by commissions, are doubtless to be deducted and paid, before the executor can be compelled to pay debts; and the assets in his hands, for their payment, will be what remains after such deduction. The executor therefore who has exhausted the personal estate, after deducting expenses and a reasonable compensation for his services, if debts should be afterwards discovered, would be without assets for their payment and entitled to call upon a legatee, whom he had paid in full, to refund. If he had settled his accounts in the Orphans’ Court, the settlement and allowance there would be conclusive, in a suit against the legatee, except for assets or moneys, which might afterwards have come to hand. 1 South. 295. But, under the condition of this bond, the executor would be entitled to call upon the legatee to refund only for the purpose of paying such subsequently discovered debts, and not for the purpose of repaying himself the expenses of administration. Although secured indirectly, they cannot be directly claimed by name as such, for they are not within the condition of the bond. The balance claimed as due by the allowance of the Orphans’ Court, and which forms part of the breach assigned, obviously, as admitted, includes commissions. On the face of the declaration therefore, the demand exceeds the right. 1 Green’s R., 83, 97. The demurrer, therefore, on this ground, is well taken.
It is said that it is not necessary for the plaintiff to specify the debts, but that a general averment would be sufficient. The remedy on this bond is predicated on the existence of particular debts, which have subsequently come to the knowledge of the executor, and to discharge which, the legacy or a part thereof, appears to be wanting. The existence of these debts, honestly and fairly due, lies at the foundation of the claim, is within the knowledge of the plaintiff, and cannot be supposed to be within the knowledge of the defendant. It seems therefore to be a case, in which certainty and particularity in the statement are *686 requisite. But assuming that the specification was unnecessary still it shows a claim by the plaintiff beyond his right, and to that extent the declaration is therefore ill. If an unnecessary statement show that the plaintiff has no cause of action, it will vitiate the declaration. Com. Dig. “Plead.” C. 29; Gould. Pl. Ch. 3, § 171.
The general averment, “ that the executor had not and hath not other assets to pay,” seems to us to be sufficient; and it was not necessary to aver specially, that there were no other legacies to abate. It is generally sufficient in pleading, to show a prima fade right to recover; and matter, which should properly come from the other side need not be stated. Unless the plaintiff shall ask leave to amend on the usual terms;
Judgment for the demurrants.
IIornblower, C. J., and Randolph, J., did not hear the argument, and expressed no opinion.